## STATE COURT OF APPEALS—Continued

No. 128
ROSS v. STATE
Ohio Appeals, 7th Dist., Trumbull County
Decided Sept. 28, 1923

661. INTOXICATING LIQUORS.

6175 GC. prescribing that fluids destroyed to prevent seizure, are made prima facie intoxicating liquor, unlawfully kept, does not shift the burden of proof to defendant.

FARR, J.

### Epitomized Opinion

First Publication of this Opinion

Ross was charged in Warren Police Court with possessing liquor, contrary to the statute. He was found guilty. Error is prosecuted on the ground that the section under which he was convicted shifts the burden of proof from the state to the defendant. The evidence disclosed that as certain officers entered his place of business, he seized a pitcher from behind his bar and, running to the kitchen, emptied the contents into a sink, and then rinsed the pitcher with water. The officers grabbed the pitcher and smelled it and testified that it had the odor of liquor. Sec. 6175 GC. provides that fluids destroyed to prevent their seizure by officers authorized to make such search and seizure shall be prima facie intoxicating liquor, and intended for unlawful sale. In affirming the judgment, the Court of Appeals held:

1. "It will be observed from reading this section that it does not shift the burden from the state to the defendant, but the legislature simply saw fit to provide that the acts of a person, under the circumstances stated, in destroying or pouring out fluids, should constitute prima facie evidence of contraband liquor. It is for the court to determine the value of such testimony, as it is only prima facie evidence of guilt."

Attorneys—L. L. Guarnieri, for Ross; M. D. Lea, for State.

No. 129
HOWENSTEIN et al v. CHEVENEY
Ohio Appeals, 9th Dist., Wayne Copunty
No. 758. Decided Oct. 10, 1923
No. 758. Decided Oct. 10, 1923

891. PARTNERSHIP—Joint ownership of automobile does not constitute partnership.

PARDEE, J.

### Epitomized Opinion

First Publication of this Opinion

Cheveney sued J. and C. Howenstein in Wayne Common Pleas upon an account for the repairs and supplies furnished for an automobile which Cheveney had sold to the Howen-steins. The evidence disclosed that J., who was the father of C., paid two-thirds of the purchase price, and C. one-third. C. operated the car, but J. occasionally rode in it. All the items in the account were furnished to C. without the knowledge or consent of J. The items were charged on Cheveney's books to C. and statements were rendered to him. The jury returned a verdict against J. and C. Howenfor the full amount of the account. The court charged the jury that inasmuch as J. and C. were joint owners, J. would be liable whether he knew of the repairs or not. Error is prosecuted by J. In reversing the judgment the Court of Appeals held:

1. "Mere joint ownership of the automobile did not make J. Howenstein liable for the repairs and supplies furnished for the automobile unless he expressly or by implication authorized the debt to be created."

2. "We are unable to find any evidence justifying the conclusion that the relation of principal and agent existed in any way between John Howenstein and Calvin Howenstein upon which the theory of a partnership could be said to exist in reference to this automobile. There is no evidence of any business to be carried on jointly or that they were to share in the profits and loss of any enterprise or were to do business with a common fund."

Attorneys—Mougey and McLaran, Wooster, for Howenstein et al; Critchfield & Etling, Wooster, for Cheveney.